UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BUFORD POLLARD, III,<br><br>Petitioner,<br><br>v.<br><br>JANEY YELLEN, Secretary of U.S. Treasury,<br><br>Respondent. | No. 1:21-cv-00323-DAD-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 1, 7) |

Petitioner Kenneth Buford Pollard, III is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 10, 2021, the assigned magistrate judge screened petitioner's petition and issued findings and recommendations recommending that the pending petition for federal habeas relief be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. (Doc. No. 7.) In particular, the findings and recommendations concluded that petitioner does not challenge the fact or duration of his confinement; rather, petitioner claims that the government has wrongly denied him social security benefits and failed to provide him with the stimulus payment to which he is allegedly entitled to in light of the COVID-19 pandemic. (*Id.* at

1

1  2.) Accordingly, the magistrate judge recommended summarily dismissing the petition. (*Id.* at 3.) The pending findings and recommendations were served on petitioner with notice that any objections thereto were to be filed within twenty-one (21) days of the service. (*Id.*) On March 19, 2021, petitioner timely filed objections to the pending findings and recommendations. (Doc. No. 9.)

In his objections, petitioner reasserts that he is entitled to stimulus payments and claims that "under habeas corpus, it is required by law for IRS to mail" him such stimulus payments. (Doc. No. 9 at 2.) Petitioner is mistaken, however, and as explained in the findings and recommendations, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." (Doc. No. 7 at 2.) Petitioner does not meaningfully object to the pending findings and recommendations, and in particular, the finding that his petition does not challenge the legality of his confinement.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including petitioner's objections and declaration, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Having determined that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. "[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition," and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A) (permitting habeas appeals from state prisoners only with a certificate of appealability). Specifically, the federal rules governing habeas cases brought by state prisoners require a district court issuing an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. 28 U.S.C. § 2253(c)(3). Here, petitioner has not made such a showing. Accordingly, a certificate of appealability will not be issued.

Accordingly,

1. The findings and recommendations issued March 10, 2021 (Doc. No. 7) are adopted in full;
2. The petition for writ of habeas corpus (Doc. No. 1) is summarily dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 5, 2021**

UNITED STATES DISTRICT JUDGE